**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 7, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10448
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO ANTONIO LOPEZ-DELGADILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-226-ALL-A
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Pedro Antonio Lopez-Delgadillo appeals the sentence imposed following his guilty-plea conviction of being found in the United States, without permission, following his conviction of an aggravated felony and subsequent deportation.  See 8 U.S.C. § 1326(a), (b).  Lopez-Delgadillo did not raise his appellate arguments in the district court.  Accordingly, this court will review the issues for plain error only.  United States v. Olano, 507 U.S. 725, 732-35 (1993).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Construed liberally, Lopez-Delgadillo first argues that the district court should have treated his 1996 conviction of possession of a controlled substance and his 1999 conviction of delivery of a controlled substance as "related" for purposes of calculating his criminal history points under the United States Sentencing Guidelines. He notes that the terms of probation imposed against him in each of those cases were revoked at the same hearing and the revocation sentences were ordered to run concurrently. Lopez-Delgadillo's argument lacks merit. See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999). Moreover, the district court did not commit plain error in calculating Lopez-Delgadillo's criminal history points. See U.S.S.G. §§ 4A1.1 and 4A1.2.

Lopez-Degadillo next argues that the 96-month term of imprisonment imposed in his case is excessive and violates the Eighth Amendment prohibition against cruel and unusual punishment. Measured against the Rummel v. Estelle, 445 U.S. 263 (1980), benchmark, however, Lopez-Degadillo's sentence is not grossly disproportionate to his offense and does not violate the Eighth Amendment.

Finally, Lopez-Delgadillo argues that the district court committed plain error by sentencing him under the mandatory Sentencing Guidelines scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Lopez-Delgadillo has satisfied the first two prongs of the plain error analysis by showing that

the district court committed error that was plain.  See <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). However, he has not satisfied the third prong of the plain error analysis by showing that the error affected his substantial rights. <u>See</u> <u>id.</u> at 600-01.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**